IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ARLIN M. ADAMS, as Chapter 11 Trustee of the Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:06-cv-00364-SLR |
| GENESIS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT GENESIS INSURANCE COMPANY'S MOTION TO DISMISS OR STAY**

Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT &
  GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, Delaware 19801
302-656-4433
ckeener@rmgglaw.com

Attorneys for Defendant
Genesis Insurance Company

Of Counsel:

Lewis K. Loss
Thomas J. Judge
Thompson, Loss & Judge, LLP
1919 Pennsylvania Avenue, N.W.
Suite M-200
Washington, D.C. 20006-3458
202-772-5170

Dated: August 21, 2006

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................. 3

I.     THE COLORADO ACTION ENCOMPASSES THE TRUSTEE'S BREACH OF
       CONTRACT CLAIM IN THIS ACTION ........................................................................ 3

II.    IN ANY EVENT, THE COLORADO DISTRICT COURT SHOULD DECIDE
       THE SCOPE OF THE ACTION BEFORE IT ................................................................ 5

III.   THE COMMENCEMENT OF THE COLORADO ACTION IS NOT AN
       EXAMPLE OF IMPROPER FORUM SHOPPING ........................................................ 7

IV.    THE RELATIVE CONVENIENCE OF THE TWO FORUMS SHOULD BE
       DECIDED BY THE COLORADO DISTRICT COURT ................................................. 9

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Chrysler Capital Corp. v. Woehling,*
663 F. Supp. 478, 483 (D. Del. 1987)..........................................................................10

*E.E.O.C. v. Univ. of Pa.,*
850 F.2d 969, 971 (3d Cir. 1988).......................................................................6, 7, 8, 9

*Gahagen Iron & Metal Co. v. Transport Insurance Co.,*
812 F. Supp. 1106, 1108 (D. Colo. 1992)........................................................................8

*Moore Corp. Ltd. v. Wallace Computer Services., Inc.,*
898 F. Supp. 1089, 1099 (D. Del. 1995).........................................................................9

*Reliance Ins. Co. v. Six Star, Inc.,*
155 F. Supp. 2d 49, 54 n.2 (S.D.N.Y. 2001)...............................................................6, 9

*Signature Dev. Cos. v. Royal Ins. Co.,*
230 F.3d 1215, 1219 (10th Cir. 2000) ............................................................................5

*Ultronic Sys. Corp. v. Ultronix, Inc.,*
217 F. Supp. 89, 92 (D. Del. 1963)..................................................................................9

## STATE CASES

*Liggett Group Inc. v. Affiliated FM Ins. Co.,*
788 A.2d 134, 138 (Del. Super. Ct. 2001) .......................................................................8

## INTRODUCTION

In the Brief in Opposition to Genesis's Motion to Dismiss or Stay, the plaintiff Trustee (the "Trustee") unabashedly argues in support of his bid to balkanize the adjudication of the insurance dispute between the parties. The Trustee seemingly would have the vast bulk of the controversy decided in Colorado and a small part decided by this Court. The Trustee concedes that the over-arching and primary issue of whether Genesis properly determined that there is no coverage under the subject insurance policy (the "Policy") for the underlying action should be decided in Colorado. The Trustee also concedes that, if the Colorado district court finds that there is coverage, that court should determine whether the Trustee can recover under the Policy, as a component of covered "Loss," certain defense costs incurred by the Outside Directors in the underlying action. In the view of the Trustee, these defense costs constitute damages flowing from Genesis's determination that there is no coverage for the underlying action. However, presumably in pursuit of some perceived tactical advantage, the Trustee then contends that this Court (rather than the Colorado district court) should decide whether the Outside Directors' settlement in the same underlying action is recoverable Loss under the same Policy. Again, in the view of the Trustee, these settlement amounts would be due as damages arising directly from Genesis's determination that there is no coverage for the underlying action.

The Trustee's plan to break apart the insurance dispute into overlapping or, at a minimum, interlocking pieces defies common sense and is at odds with well-established legal principles intended to prevent duplicative or piecemeal litigation. The first-filed

rule and logical principles for sound judicial administration lead inevitably to the conclusion that this action should be dismissed or stayed in favor of the Colorado action.

The Trustee attempts to side-step the first-filed rule by arguing that the Colorado action does not encompass the breach of contract claim asserted here to recover the settlement in the underlying action as damages and, therefore, the two actions are not *entirely* duplicative. The Trustee concedes, however, as he must, that the Colorado action encompasses the primary issue of whether there is coverage under the Policy for any loss sustained in the underlying action, and that the very same issue is an integral part of the breach of contract claim asserted here. Thus, *at a minimum*, the Trustee concedes that this action is largely duplicative of the Colorado action. Moreover, the Colorado action, in fact, does encompass the entire insurance dispute between the parties. Both Genesis and the Trustee have asked the Colorado district court to decide whether Genesis owes indemnity under the Policy for the underlying action. The Trustee's *post hac* effort to frame the Colorado action as solely involving the issue of the duty to defend simply fails in light of the broad claims for relief sought in Genesis's and the Trustee's respective pleadings in Colorado.

Consistent with the relevant case law, to the extent there is any question as to the proper scope of the Colorado action, Genesis respectfully asks this Court to defer to the Colorado district court's decision as to the scope of the action before it. The issue has been argued by the parties in connection with the pending motion to transfer filed by the Trustee in Colorado. If not resolved on the motion to transfer, the issue necessarily will be resolved by way of discovery, dispositive, or pretrial motions as the Colorado action quickly proceeds towards resolution (e.g., fact discovery ends in less than a month and

the dispositive motion deadlines is less than two months away).  Absent a dismissal or stay of this action, this Court runs a significant risk of interfering with the Colorado district court's jurisdiction.

Finally, the Trustee, evidently subscribing to the view that the best defense is a good offense, argues that the first-filed rule does not defeat the filing of his duplicative action because Genesis's commencement of the Colorado action constituted improper forum shopping.  This seems a brazen charge under the circumstances here.  As discussed more fully below, Genesis filed its action over a year ago in the jurisdiction in which the named insured under the Policy, Coram, has its principal place of business, as is very common.  Moreover, consistent with the relevant case law, the Colorado district court, where the dispute was first-filed, should decide whether the first-filed rule or any of its exceptions apply (*e.g.*, whether there as improper forum shopping or whether Delaware is the more convenient forum).

ARGUMENT

I.     THE COLORADO ACTION ENCOMPASSES THE TRUSTEE'S BREACH OF CONTRACT CLAIM IN THIS ACTION

In the Colorado action, Genesis seeks a declaratory judgment that it has no duty to indemnify for any loss sustained by the insureds in the underlying action.  The Trustee, in Colorado, seeks a declaration that Genesis has a duty to indemnify and seeks "all" damages resulting Genesis's alleged breach of that duty.  Thus, this action is plainly duplicative of the broad relief sought in the Colorado action and the first-filed rule applies.

As set forth in Genesis's opening brief, the Policy is one solely of indemnity for covered loss.  (Genesis Opening Brief, Ex. 1, the Policy, Section I.)  It is not, as the

Trustee suggests (Opp. p. 12), a duty to defend policy, and this is not a case where Genesis has a duty to defend separate and apart from a duty to indemnify. (*Id.*, Section VI.C.) ("It shall be the duty of the Directors, Officers and [Coram] and not the duty of the Insurer to defend Claims."). Thus, in February 2005, Genesis denied that it has any duty to indemnify in connection with the underlying action. Genesis commenced the Colorado action seeking confirmation that its coverage position is correct. The Outside Directors filed a counterclaim for breach of contract, alleging that Genesis does have a duty to indemnify them for the underlying action and seeking all damages provable at trial deriving from Genesis's denial of coverage.

Covered loss payable as indemnity under the Policy expressly may include settlements and defense costs. (*Id.*, Section II.F.). To the extent there is coverage under the Policy for the underlying action and Genesis therefore does have a duty to indemnify, the recoverable contract damages would include the Outside Directors' reasonable defense costs in the underlying action and reasonable amounts paid in settlement of the underlying action. To the extent Genesis has breached the insurance contract, there is but one breach arising from Genesis's denial of coverage for the underlying action. The fact that the Outside Directors arguably incurred some of their damages from that denial after they filed their counterclaim for breach of contract in Colorado does not create a new claim for breach of contract at or around the time of the settlement.

Here, the Trustee seeks to recover part of the Outside Directors' alleged damages in Colorado and part in Delaware. If it is not claim splitting, it certainly sounds and looks like claim splitting. Indeed, the Trustee's attempt to frame his action here as one concerning the "reasonableness of the Outside Directors' settlement" only highlights that

this is an attempt to split claims. There is no recognizable claim or cause of action for "reasonableness of a settlement." The claim or cause of action is for breach of contract and the alleged breach is Genesis's determination that it has no duty to indemnify for the underlying action, which is the basis for the Trustee's claims in both Colorado and Delaware. Assuming there is coverage, the reasonableness of the Outside Directors' defense costs and settlement in the underlying action is an issue going to whether the Trustee can recover damages for Genesis's alleged breach of the insurance contract – it is not an entirely separate and independent claim.

As stated above, the Policy at issue here is not one that contains a separate and independent duty to defend, like some liability policies. This Policy, like most directors and officers liability policies, affords coverage only in the form of indemnity for covered loss. Accordingly, the cases cited by the Trustee at page 12 of the opposition, distinguishing causes of action based on an insurer's breach of a duty to defend and its breach of the duty to indemnify, are inapplicable.[1] *See, e.g.*, *Signature Dev. Cos. v. Royal Ins. Co.*, 230 F.3d 1215, 1219 (10th Cir. 2000) (applying Colorado law) (holding that, where an insurance policy provision assigns the "right and duty to defend" to the insurer, the insurer's duty to defend is separate, independent, and broader than its duty to indemnify). Genesis's duty to indemnify is at issue in Colorado, just as it is here.

## II. IN ANY EVENT, THE COLORADO DISTRICT COURT SHOULD DECIDE THE SCOPE OF THE ACTION BEFORE IT

The Trustee's splitting of this insurance dispute into pieces is non-sensical and inappropriate. The Colorado action, as currently structured, encompasses the claim

---

[1] The statute of limitations cases cited by the Trustee certainly do not support the Trustee's position here that coverage under a single policy for a single claim should be determined in two separate actions by two different courts.

asserted by the Trustee here and the entire controversy can and should be resolved in Colorado. To the extent, however, that the Trustee maintains that the Colorado action will not resolve the recoverability of the settlement under the Policy, the Colorado district court should determine the scope of the case pending before it, and this case should be dismissed or stayed pending that determination. Absent such a stay, the Trustee would place this Court at risk of interfering with the jurisdiction of the Colorado district court, with the commensurate risks of duplicative effort, inconsistent decisions, and piecemeal litigation.

The first-filed rule is designed to encourage "sound judicial administration and promote comity among federal courts of equal rank." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). Those interests are best served here by deferring to the Colorado district court's determination of the scope of the action before it. *See Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 n.2 (S.D.N.Y. 2001) ("The court in which the first-filed case was brought decides whether the first-filed rule or an exception to the first-filed rule applies.") (citations omitted). The issue was argued in connection with the Trustee's motion to transfer pending before the Colorado district court. Furthermore, the fact discovery cut-off is less than a month away and the dispositive motion deadline is less than two months away in that action. The issue necessarily will be resolved in the relatively near future by way of discovery, dispositive, or pre-trial motions as the Colorado heads quickly towards its conclusion. If the Colorado district court holds that the action before it includes whether the Trustee may recover the settlement under the Policy, then the two cases are entirely duplicative and the first-filed rules applies in favor the Colorado action.

- 6 -

Furthermore, as a practical matter, even if the Colorado court somehow determines that the recoverability of the settlement is not at issue in the Colorado action, a dismissal or stay of this action pending the resolution of the Colorado action is still mandated. As the Trustee concedes, the viability of his breach of contract claim principally turns here, as it does in Colorado, on whether Genesis has a duty to indemnify under the Policy in response to the underlying action. The Trustee also concedes that that issue is and has been squarely before the Colorado district court since February 2005. The Trustee then indicates that perhaps this case should be stayed so that the Colorado district court can first resolve that over-arching issue. That is of course true because, absent such a stay, there undeniably will be duplicative litigation with a significant risk of inconsistent decisions.[2]

III.    THE COMMENCEMENT OF THE COLORADO ACTION WAS NOT IMPROPER FORUM SHOPPING

Perhaps recognizing that his argument that this action is not duplicative cannot carry the day, the Trustee makes an effort to side-step the first filed rule by arguing that Genesis's commencement of the Colorado action was improper forum shopping. However, the dramatic difference between this case and the case on which the Trustee relies (*E.E.O.C.*) makes clear the futility of the Trustee's argument.

Unlike in *E.E.O.C.*, there is no evidence that, at or anywhere around the time Genesis filed in Colorado, a mirror-image suit by the Outside Directors was imminent in Delaware or elsewhere. *Compare* 850 F.2d at 977 (after the E.E.O.C. threatened to bring

---

[2] It is important to remember that Mr. Crowley, another insured, is a party to the Colorado action and not a party here. If this court were to determine Genesis's obligations under the Policy, the ruling also may be inconsistent with a ruling in Colorado as to Genesis's obligations under the Policy as to Mr. Crowley.

an enforcement action in Pennsylvania, the University filed a preemptory action in the District of Columbia just days before E.E.O.C.'s threatened deadline for filing its action expired). Indeed, unlike in *E.E.O.C.*, the Outside Directors did not promptly file their own suit in a more preferable venue, nor did they move to transfer the Colorado action to Delaware or elsewhere. Instead, they moved to transfer the underlying action from Delaware to Colorado, as they resided in the western part of the country, nearer to Coram's location in Colorado. *Compare id.* at 973 (the E.E.O.C. promptly filed its own enforcement action in Pennsylvania). Moreover, the Trustee utterly fails to describe the tactical advantage Genesis supposedly sought by filing in Colorado. *Compare id.* at 978 (the University acknowledged filing in the District of Columbia to avoid adverse Third Circuit precedent).[3]

Genesis filed the coverage action in the venue where Coram had its principle place of business and where the insured directors and officers had worked for Coram. That is standard procedure for insurance coverage litigation that generally is resolved pursuant to the law of the insured's principal place of business. *See Gahagen Iron & Metal Co. v. Transp. Ins. Co.*, 812 F. Supp. 1106, 1108 (D. Colo. 1992) (applying law of insured's principal place of business to insurance dispute); *Liggett Group Inc. v. Affiliated FM Ins. Co.*, 788 A.2d 134, 138 (Del. Super. Ct. 2001) (same). In sum, Genesis commenced the Colorado action without any direct threat of imminent mirrored litigation in another jurisdiction and without any perceived tactical advantage other than having applicable Colorado insurance law interpreted by a Colorado court.

---

[3] Also important to the *E.E.O.C.* court's decision not to apply the first-filed rule was its view that the purposes of Title VII were best served by permitting the E.E.O.C. to proceed with its later-filed enforcement action in Pennsylvania. *See id.* at 979. Obviously, statutory purposes will not be thwarted here if the first-filed rule is applied.

There is no improper forum shopping in these circumstances that would justify ignoring the earlier jurisdiction of the Colorado district court. *See Reliance*, 155 F. Supp. 2d at 55 (no special circumstances to justify non-application of the first-filed rule when there was no "direct threat of litigation" in another jurisdiction that led to the filing of the first-filed declaratory judgment action and when the first-filed suit had more than a "slight connection" to the chosen forum); *Moore Corp. Ltd. v. Wallace Computer Servs., Inc.*, 898 F. Supp. 1089, 1099 (D. Del. 1995) (applying the first-filed rule where there were logical reasons for filing the first suit in Delaware and improper forum shopping was not the "*sole* motivating factor for plaintiff's choice of forum") (emphasis in original). As emphasized by the Third Circuit in *E.E.O.C.*, application of the first-filed rule should "be the norm, not the exception. Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." 850 F.2d at 979. Such exceptional circumstances simply are not present here that would justify ignoring the Colorado district court's prior jurisdiction.

## IV.   THE RELATIVE CONVENIENCE OF THE TWO FORUMS SHOULD BE DECIDED BY THE COLORADO DISTRICT COURT

In arguing to this Court that Delaware is the more convenient forum, the Trustee once again asks this Court to render a decision that may be at odds with a future decision from the Colorado district court. The Trustee's motion to transfer the Colorado action to Delaware on convenience grounds is pending before the Colorado district court. Genesis has opposed that motion for good cause. The Colorado district court should decide that issue without risk of a potentially inconsistent decision from this Court. *See E.E.O.C.*, 850 F.2d at 977 n. 4 (questioning why the E.E.O.C. did not move to transfer in the first-filed suit); *Ultronic Sys. Corp. v. Ultronix, Inc.*, 217 F. Supp. 89, 92 (D. Del. 1963) ("it is

- 9 -

for the Court having prior jurisdiction to determine this [convenience] issue by way of a
motion to transfer").

If the Colorado district court grants the motion to transfer, then, as the Trustee has
previously argued, that case should be consolidated with this case for resolution of the
entire controversy between the parties. On the other hand, if the Colorado district court
denies the motion to transfer, this case should be transferred to Colorado for
consolidation, again to ensure resolution of the entire controversy by one court. *See, e.g.*,
*Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 483 (D. Del. 1987) (transferring
case to New Jersey in the interests of justice when the action brought in Delaware was
only "one piece of a much broader dispute," most of which was before the New Jersey
court). As set forth above, the Colorado action already encompasses this matter, but to
the extent there is any basis to dispute that, this matter should be transferred to Colorado,
so that the entire controversy may be decided by one court.[4]

---

[4] Genesis will move accordingly in this action upon a denial of the pending motion to
transfer in the Colorado action.

## CONCLUSION

For the reasons set forth above and in its Opening Brief hereon, Genesis

respectfully requests that the Court grant Genesis's Motion to Dismiss or Stay.

Dated this 21st day of August 2006.

Respectfully Submitted,

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, Delaware 19801
302-656-4433
ckeener@rmgglaw.com

*Attorneys for Defendant Genesis*
*Insurance Company*

Of Counsel:

Lewis K. Loss
Thomas J. Judge
Thompson, Loss & Judge, LLP
1919 Pennsylvania Avenue, N.W.
Suite M-200
Washington, D.C. 20006-3458
202- 772-5170

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 21st day of August, 2006, I caused the **REPLY BRIEF IN SUPPORT OF DEFENDANT GENESIS INSURANCE COMPANY'S MOTION TO DISMISS OR STAY** to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Michael Jason Barrie, Esquire
> Schnader Harrison Segal & Lewis LLP
> 824 N. Market Street, Suite 1001
> Wilmington, DE  19801

> /s/ Carmella P. Keener
> Carmella P. Keener (DSBA No. 2810)
> ROSENTHAL, MONHAIT & GODDESS, P.A.
> 919 N. Market Street, Suite 1401
> P.O. Box 1070
> Wilmington, DE  19899-1070
> (302) 656-4433
> ckeener@rmgglaw.com