IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, as Chapter 11 Trustee of the Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc., <br><br> Plaintiff, <br><br> v. <br><br> GENESIS INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 1:06-cv-00364-SLR ) ) ) ) ) ) |

**RESPONSE TO TRUSTEE'S SUPPLEMENT TO BRIEF IN OPPOSITION TO GENESIS INSURANCE COMPANY'S MOTION TO DISMISS OR STAY**

Contrary to Local Rule 7.1.2(c), plaintiff Arlin M. Adams (the "Trustee") filed a Supplement to the Brief in Opposition to Genesis Insurance Company's Motion to Dismiss or Stay. Rule 7.1.2(c) provides that, beyond the opening brief, opposition, and reply, "[n]o additional briefs, affidavits or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court," except to provide the Court with citations to cases decided after briefing was completed. The Trustee's Supplement does not provide citations to new authority, and it was filed without the Court's prior approval. Accordingly, the Trustee's Supplement properly should be stricken and ignored.

To the extent the Court does not strike the Trustee's Supplement, the Court should be aware that the so-called "new development" referenced in the Trustee's Supplement is nothing of the kind. The purported development is only the Trustee's recognition of a long-standing principle that insurance coverage issues that turn on a determination of facts in an underlying action should not be addressed in a declaratory judgment action before litigation of the

underlying action is complete. That principle does not in any way affect the merits of Genesis's Motion to Dismiss or Stay this Action because the threshold coverage issues presented in Colorado, particularly those presented by the Trustee's claims for coverage, do not turn on the resolution of facts in the underlying action. Indeed, while the Trustee speculates that the Colorado Action will have to be stayed in some manner, the fact is that the Colorado Action, which has been pending for almost two years, continues to proceed and summary judgment motions will be filed in the near future.

The Trustee's erroneous speculation about what will or will not occur in the Colorado Action only reinforces the merits of Genesis's argument that this Court should dismiss or stay this Action to permit the Colorado federal court to determine the scope of its own jurisdiction and to resolve the overlapping issues between this Action and the Colorado Action. There simply is no reason for the parties or the Court to guess about what will occur in the Colorado Action or to risk interfering with the Colorado federal court's jurisdiction.

          Respectfully Submitted,

          By: /s/ Carmella P. Keener
          Carmella P. Keener (DSBA No. 2810)
          ROSENTHAL, MONHAIT & GODDESS, P.A.
          919 N. Market Street, Suite 1401
          Wilmington, Delaware 19801
          (302) 656-4433
          ckeener@rmgglaw.com
          *Attorneys for Defendant Genesis*
Of Counsel:          *Insurance Company*

Lewis K. Loss
Thomas J. Judge
Thompson, Loss & Judge, LLP
1919 Pennsylvania Avenue, N.W.
Suite M-200
Washington, D.C. 20006-3458
(202) 772-5170
Dated: September 29, 2006

- 3 -

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 29th day of September, 2006, I caused the **RESPONSE TO TRUSTEE'S SUPPLEMENT TO BRIEF IN OPPOSITION TO GENESIS INSURANCE COMPANY'S MOTION TO DISMISS OR STAY** to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Michael Jason Barrie, Esquire
> Schnader Harrison Segal & Lewis LLP
> 824 N. Market Street, Suite 1001
> Wilmington, DE  19801

> /s/ Carmella P. Keener
> Carmella P. Keener (DSBA No. 2810)
> ROSENTHAL, MONHAIT & GODDESS, P.A.
> 919 N. Market Street, Suite 1401
> P.O. Box 1070
> Wilmington, DE  19899-1070
> (302) 656-4433
> ckeener@rmgglaw.com